IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

PATRICIA LYNN WONDOLOWSKI,

        Plaintiff,

v.                                                        CIVIL ACTION NO. 3:14-cv-28923

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        This action seeks review of the Social Security Commissioner's final decision denying the Plaintiff Patricia Lynn Wondolowski's application for Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI). Pursuant to a standing order issued under 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Dwane L. Tinsley for proposed findings of fact and recommendation for disposition. The Magistrate Judge submitted proposed findings and recommended that the Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings be granted, that the like motion of Defendant be denied, and the decision of the Commissioner be reversed and this case be remanded for further proceedings. *Proposed Findings and Recommendation*, at 16 (Feb. 29, 2016), ECF No. 17. Defendant now objects to the Findings and Recommendation. *Objections to Proposed Findings and Recommendations* (Mar. 18, 2014), ECF No. 20. For the reasons below, the Court **GRANTS** Defendant's objection and **RECOMMITS** this case to the Magistrate Judge for additional findings and recommendations consistent with this Memorandum Opinion and Order.

Although more fully set forth by the Magistrate Judge, the basic procedural facts are as follows. Plaintiff filed a Title II application for DIB and SSI on July 27, 2011, with an alleged disability onset date of June 8, 2011. The claims were denied on February 23, 2012, and reconsideration was denied on May 4, 2012. Thereafter, Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on April 16, 2013. On June 20, 2013, the ALJ issued a decision finding Plaintiff was not disabled. *Decision of the ALJ*, at Tr. 312-313, ECF No. 9-9, at 25-26. Plaintiff then requested review of the ALJ's decision by the Appeals Council (AC) and requested that she be able to submit additional evidence in support of her claim. On July 10, 2014, the AC granted her twenty-five days in which to submit additional evidence. *Letter to Pl. from AC*, at Tr. 9-10 (Jul. 10, 2014), ECF No. 9-2, at 10-11. Thereafter, Plaintiff submitted additional evidence to the AC.

On September 24, 2014, the AC issued a Notice of Appeals Council Action (Tr. 1-4, ECF No. 9-2, at 2-5), which denied Plaintiff's request for review. On November 24, 2014, Plaintiff appealed to this Court. In her memorandum, Plaintiff argues the ALJ failed to properly analyze her medical history, failed to properly consider pain and the side effects of medication, failed to properly make credibility determinations, failed to consider the combination of her impairments, failed to properly consider her obesity, and failed to produce evidence sufficient to rebut the presumption of disability.[1] Therefore, Plaintiff requests that this Court find the decision was not supported by substantial evidence or, in the alternative, remand the action to develop the evidence, resolve inconsistencies, make a disability judgment on all the evidence of record, and make a correct residual functional capacity. In response, Defendant argues the ALJ's decision

---

[1]*Pl.'s Mem. in Supp. of Pl.'s Mot. for J. [on] the Pleadings*, ECF No. 12.

2

should be affirmed.[2] On appeal, this Court "make[s] a *de novo* determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

In the Proposed Findings and Recommendation, the Magistrate Judge reviewed the medical records, but recommended the case be reversed and remanded for further proceedings pursuant to 42 U.S.C. § 405(g), based upon the Magistrate Judge's finding that the AC violated HALLEX I-3-3-6 and I-3-5-20. HALLEX I-3-3-6 provides:

### A. General

After an administrative law judge (ALJ) issues a decision, the administrative record generally closes. This means that when the Appeals Council (AC) acts on a request for review, the AC usually considers only the evidence that was before the ALJ and the time period through the date of the ALJ decision. See 20 CFR 404.976(b) and 416.1476(b).

When a claimant or representative submits additional evidence in association with a request for review, the AC must determine whether it is new, material, and relates to the period on or before the date of the ALJ decision. If the additional evidence meets these criteria, the AC will evaluate the entire record, including the additional evidence. The AC will review the case if it finds the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. See 20 CFR 404.970(b) and 416.1470(b).

New and Material Evidence, HALLEX I-3-3-6, 1993 WL 643129 (Last Update: 12/27/12).

HALLEX I-3-5-20 states:

When a claimant or appointed representative submits additional evidence associated with a request for review, the Appeals Council (AC) must determine whether it is new, material, and relates to the period on or before the date of the administrative law judge (ALJ)

---

[2] *Brief in Supp. of Def.'s Decision*, ECF No. 15.

decision. See Hearings, Appeals, and Litigation Law (HALLEX)
manual I-3-3-6.

If the additional evidence meets these criteria, the AC will evaluate
the entire record, including the additional evidence. The AC will
grant the request for review if it finds the ALJ's action, findings, or
conclusion is contrary to the weight of the evidence currently of
record. See 20 CFR 404.970(b) and 416.1470(b).

Consideration of Additional Evidence, HALLEX I-3-5-20, 1993 WL 643143 (Last update 2/5/16).

The Notes to HELLIX I-3-5-20 further provide that if additional evidence is not deemed to be

"new, material, or related to the period at issue, (see HALLEX I-3-5-20), the analyst will prepare

a denial notice and, as applicable, will . . . [n]ot exhibit the evidence." *HALLEX I-3-5-20, Note 2A*,

in part. However, if the "additional evidence is new, material, and relates to the period at issue,

but does not provide a basis for granting review under 20 CFR § 404.970 and 416.1470, the

analyst" is required to do three things. *Id., Note 2B*, in part. First, the analyst must "[p]repare a

denial notice." *Id.* Second, the analyst must "[i]nclude language in the denial notice specifically

identifying the evidence (by source, date range, and number of pages) and explaining the evidence

did not provide a basis for granting review under the 'weight of the evidence' standard. See 20

CFR 404.970 and 416.1470; HALLEX I-3-3-6." *Id.* Third, the analyst must "[e]xhibit the evidence

and prepare an exhibit list with the accompanying order." *Id.*


In applying these rules to the present case, the Magistrate Judge found that the

Notice of Appeals Council Action (ECF No. 9-2, at 2-5) fails to comply because the AC did not

address whether the supplemental evidence added to the record as Exhibits 16E, 39F, 40F, 41F,

and 42F "affected the ALJ's decision or not." *Proposed Findings and Recommendation*, at 15,

ECF No. 17, at 15. In addition, the Magistrate Judge found the AC did not say whether or not these

exhibits "did or did not relate to the period on or before the ALJ decision or explain why the

4

evidence did not provide a basis for granting review under the 'weight of the evidence' standard." *Id.* (citing 20 CFR §§ 404.970 and 416.1470; HALLEX I-3-3-6). Therefore, the Magistrate Judge concluded "the ALJ's decision is not supported by substantial evidence because the ALJ failed to review the entire record, including the newly admitted evidence, and explain her findings related thereto." *Id.* at 16. Additionally, the Magistrate Judge recommended the case be reversed and remanded because the AC "failed to address and discuss newly submitted evidence as required pursuant to HALLEX I-3-5-20." *Id.*

Defendant now objects to the Findings and Recommendation arguing the AC did consider the new evidence consistent with 20 CFR §§ 404.970(b) and 416.1470(b). Section 404.970(b) provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 CFR § 404.970(b); accord § 416.1470(b). In addition, Defendant argues the AC did not have to explain why it was denying review pursuant to the Fourth Circuit's decision in *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011).

In *Meyers*, the Fourth Circuit ruled that the regulatory scheme for social security disability cases does not require the AC to do anything more than "consider new and material evidence . . . in deciding whether to grant review." *Id.* at 706 (quoting *Wilkins v. Sec'y Dep't*

5

*Health & Human Serv.*, 953 F.2d 93, 95 (4th Cir. 1991) (other citations omitted)). "[T]he regulations do not require the Appeals Council to articulate its rationale for denying a request for review. Only if the Appeals Council *grants* a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning." *Id.* 705-06 (citing 20 CFR §§ 404.979, 404.1527(f)(3) (italics original)). Although an explanation would be helpful to a reviewing court, judicial review is possible "'as long as the record provides 'an adequate explanation of [the Commissioner's] decision.'" *Id.* at 707 (quoting *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983)). For example, the Fourth Circuit has "affirmed an ALJ's denial of benefits after reviewing new evidence presented to the Appeals Council because [it] concluded that 'substantial evidence support[ed] the ALJ's findings.'" *Id.* (quoting *Smith v. Chater*, 99 F.3d 635, 638-39 (4th Cir. 1996)). However, the Fourth Circuit also has recognized there are instances when remand is appropriate. For example, the Fourth Circuit reversed and remanded a decision as not being supported by substantial evidence when new evidence is not controverted by other evidence in the record. *Id.* (quoting *Wilkins*, 953 F.2d at 96)). In addition, the Fourth Circuit held in *Meyers* that remand was proper when new evidence fills an "evidentiary gap" and the reviewing court "simply cannot determine whether substantial evidence supports the ALJ's denial of benefits[.]" *Id.* The Fourth Circuit reasoned that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance." *Id.* (footnote omitted).

Applying these principles and the regulations to the Notice of the Appeals Council Action in this case, the Court finds that the AC expressly stated that it was denying Plaintiff's request for review. Thus, under *Meyers*, the AC did not have "to articulate its rationale for denying

a request for review." *Id.* at 705-06. However, the issue here is not completely resolved by simply determining whether the AC was required to articulate its reasons for denying review, rather it also involves how the AC categorized and what consideration it gave to Plaintiff's supplemental evidence in making that decision.

As stated above, the regulations require that the AC decide whether the supplemental evidence "is new, material, and relates to the period on or before the date of the ALJ decision." New and Material Evidence, HALLEX I-3-3-6; Consideration of Additional Evidence, HALLEX I-3-5-20. If it is, the AC must evaluate the evidence together with the rest of the evidence and decide whether "the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* If after conducting this evaluation, the AC finds there is no reason to conduct a review, it must (1) issue a denial notice, (2) "[i]nclude language in the denial notice specifically identifying the evidence (by source, date range, and number of pages)," and (3) explain that review is not warranted "under the 'weight of the evidence' standard." *HALLEX I-3-5-20, Note 2B*, in part.

In the Notice of Appeals Council Action issued in this case, the AC states it is denying Plaintiff's request for review. It also attached as an exhibit an "Order of Appeals Council," which provides that Exhibits 16E, 39F, 40F, 41F, and 42F were made part of the record. The Order of the Appeals Council identifies the source of the exhibits, the date of the exhibits, and the number of pages of each exhibit. *Ord. of Appeals Council*, at Tr. 6, ECF No. 9-2, at 7. Although there is not express language in the Notice of Appeals Council Action providing that it considered these exhibits as new, material, and relevant to the time period at issue, the AC clearly treated it as such.

7

Under the regulations, additional evidence which falls within these parameters is included and exhibited as part of the record for the AC's review under the weight of the evidence standard. Here, the AC included the exhibits as part of the record, stated it "considered whether the Administrative Law Judge's action, findings, or conclusions is [sic] contrary to the weight of the evidence of record[, and it] found that this information does not provide a basis for changing the Administrative Law Judge's decision." *Notice of Appeals Council Action*, at 2, ECF No. 9-2, at 3. Thus, given the AC's treatment of the evidence, it is *a fortiori* that it considered the evidence as new, material and as within the relevant time period. Moreover, the AC expressly identified in its Notice certain supplemental evidence it found to be duplicative or not within the relevant time period, but that evidence does not include any of the supplemental evidence which the AC specifically made part of the record in the Order of Appeals Council.  Therefore, although the AC easily could have added language in the Notice stating that it determined the exhibits at issue in this case are "new, material, and relates to the period on or before the date of the ALJ decision[,]"[3] and the Court prefers it do so in the future, the fact the AC did not do so is not fatal to its decision because it is clear the AC found it met these criteria and the AC considered it as part of the record in applying the substantial evidence test.

Next, the Court must turn to the substantive arguments made by Plaintiff on appeal and determine whether substantial evidence exists to support the ALJ's conclusion and whether the ALJ properly applied the law. In this case, the Magistrate Judge summarized much of the evidence of record, however, he did not make a finding whether the evidence of record, including

---

[3]New and Material Evidence, HALLEX I-3-3-6; Consideration of Additional Evidence, HALLEX I-3-5-20.

the supplemental evidence added by the AC as exhibits, is sufficient to either affirm or reverse the ALJ's denial of benefits on the merits of that evidence, or whether it is not possible to "determine whether substantial evidence supports the ALJ's denial of benefits" because no fact finder ever assessed the probative value of the supplemental evidence and tried to reconcile it with "conflicting and supporting evidence in the record." *See Meyers*, 662 F.3d at 707.  As the Court does not have proposed findings and recommendation on those issues, the Court refers this matter back to the Magistrate Judge to complete this review.

Accordingly, the Court **DECLINES** to adopt the Findings and Recommendation of the Magistrate Judge at this time, and **RECOMMITS** this matter back to the Magistrate Judge for additional findings and recommendations consistent with this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Dwane L. Tinsley, to counsel of record, and any unrepresented parties.

ENTER:　　　March 30, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE