IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PATRICIA LYNN WONDOLOWSKI,

        Plaintiff,

v.                                             CIVIL ACTION NO. 3:14-cv-28923

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## MEMORADUM OPINION AND ORDER

Pending before the Court is Defendant Carolyn W. Colvin's Objections to the second Proposed Findings and Recommendation of the United States Magistrate Judge. ECF No. 23. On March 30, 2016, the Court declined to adopt the first Proposed Findings and Recommendation of the Magistrate Judge and recommitted the matter to the Magistrate Judge for additional findings and recommendation consistent with the Court's Memorandum Opinion and Order. ECF No. 21. Upon reconsideration, the Magistrate Judge issued the current Proposed Findings and Recommendation. ECF No. 22. In these Findings and Recommendation, the Magistrate Judge found that he could not determine if substantial evidence exists to support the decision by Administrative Law Judge (ALJ) to deny benefits because the ALJ did not assess the probative value of the supplemental evidence submitted to the Appeals Council (AC). Therefore, the Magistrate Judge recommended that this Court remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). For the following reasons, the Court agrees.

The procedural history of this action is fully set forth by the Magistrate Judge in the Proposed Findings and Recommendation. As relevant here, the ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff requested the decision be reviewed by the AC, and Plaintiff submitted additional evidence to support her claim. The AC designated some of this evidence as part of the record as Exhibits 16E, 39F, 40F, 41F, and 42F. The AC found other evidence submitted by Plaintiff to be duplicative or not within the relevant time period. Given the AC's treatment of the evidence it designated as exhibits, the Court found that "it is *a fortiori* that it considered the evidence as new, material and as within the relevant time period." *Mem. Op. and Order*, at 8 (ECF No. 21). Turning to the substantive arguments made by Plaintiff, the Court recommitted the case to the Magistrate Judge for a finding as to whether the evidence, including the supplemental exhibits, is sufficient to affirm or reverse the ALJ's decision, or whether it is impossible to "'determine whether substantial evidence supports the ALJ's denial of benefits' because no fact finder ever assessed the probative value of the supplemental evidence and tried to reconcile it with 'conflicting and supporting evidence in the record.'" *Id*. at 8-9 (quoting *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)).

In the second Findings and Recommendation, the Magistrate Judge recognized that, when the AC includes new and material evidence as part of the administrative record, but then denies review of the findings and conclusions of the ALJ, "the issue before this Court is whether the Commissioner's decision is supported by substantial evidence in light of 'the record as a whole including any new evidence that the Appeals Council specifically incorporated into the administrative record.'" *Id*. at 20 (quoting *Meyer*, 662 F.3d at 704)). In conducting this review, the Magistrate Judge set forth an extensive summary of the medical evidence, including the evidence

incorporated as part of the record by the AC. The Magistrate Judge found that this supplemental evidence included records reflecting, inter alia, "Claimant's alleged intensity, persistence and limiting effects of pain." *Id*. at 22. In light of this evidence, the Magistrate Judge concluded that he could not determine whether the ALJ's decision to deny benefits is supported by substantial evidence because the ALJ, as the fact finder, did not assess the probative value of the supplemental evidence included in the record by the AC. *Id*. In addition, the Magistrate Judge stated that "[t]he ALJ must make a finding on the credibility of [Claimant's] statements based on a consideration of the entire case record pursuant to SSR 96-7p." *Id*. at 22 (bracketed material original).

Defendant objects to the Findings and Recommendation. In her objections, Defendant argues the exhibits at issue are not new or material. As this Court stated in its earlier Memorandum Opinion and Order, however, the AC included Exhibits 16E, 39F, 40F, 41F, and 42F as part of the record in this case, while excluding other evidence as being duplicative or not within the relevant time period. *Mem. Op. and Order*, at 7-8, ECF No. 21. Nevertheless, Defendant now argues that, despite the fact the AC included the supplemental exhibits as part of the administrative record, the Court should not consider them as new and material.

"Evidence is new . . . if it is not duplicative or cumulative." *Wilkins v. Sec'y Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991) (citation omitted). In this case, the ALJ left the record open until April 30, 2013. Several of the medical records included as exhibits by the AC were made after the ALJ closed the evidence, but prior to June 20, 2013, when the ALJ issued the decision. Amongst those records is one from the Emergency Department at Three Rivers Medical Center dated June 6, 2013, which included a clinical impression of "Neuropathy." *Report*

*by Three Rivers Med. Ctr.*, ECF No. 9-32, at 12. In addition, an imaging Report on the same day also found "some facet osteoarthritis at L5-S1." *Imaging Report*, ECF No. 9-32, at 4. Although earlier medical records document a number of problems with Plaintiff's back, the Court did not find any reference in the ALJ's decision discussing problems with the L5-S1 region. Likewise, the Court did not find any specific reference by the ALJ to neuropathy. Although there does appear to be some evidence in the exhibits attached by the AC that predates the close of evidence by the ALJ and is duplicative or cumulative of other evidence in the record, it is not true of all the records. Therefore, the Court finds that there was new evidence presented to the AC.

Defendant further argues that, even if some of the evidence is new, such evidence is not material. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 96 (citation omitted). Although the Court is not making any finding on whether the new evidence in the exhibits must change the outcome, it agrees with the Magistrate Judge that there is a reasonable possibility that it may change the outcome. For instance, neuropathy certainly may support Plaintiff's credibility and allegations regarding her pain and weakness.

Accordingly, for the above reasons and the reasons set forth by the Magistrate Judge, the Court finds that a sentence four remand pursuant to 42 U.S.C. § 405(g) is appropriate so that the ALJ can assess the probative value of the supplemental evidence and make a finding on the credibility of Plaintiff's statements based upon the entire record. Therefore, the Court **DENIES** Defendant's Objections to the Proposed Findings and Recommendation of the United States Magistrate Judge (ECF No. 23), **ADOPTS AND INCORPORATES HEREIN** the

Findings and Recommendation of the Magistrate Judge (ECF No. 22), **GRANTS** Plaintiff's Brief in Support of her Motion for Judgment on the Pleadings (ECF No. 12) to the extent Plaintiff seeks a remand for further consideration, **DENIES** Defendant's Brief in Support of Defendant's Decision (ECF No. 15), **REVERSES** the final decision of Defendant, **REMANDS** this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and **DISMISSES** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 26, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE